UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNIFER KEELEY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:15CV00583 ERW |
| | ) |
| PFIZER, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion Stay Briefing and Defer Ruling [ECF No. 10].

I.  **BACKGROUND**

On March 23, 2015, Plaintiffs Jennifer Keeley and Jess Kelley ("Plaintiffs") filed a petition in the Circuit Court for St. Louis City [ECF No. 8]. Plaintiffs alleged Jess Keeley's birth defects were caused by Jennifer Keeley's ingestion of ZOLOFT during her pregnancy [ECF No. 8, ¶ 9]. Plaintiffs asserted four counts against Defendant Pfizer, Inc. ("Defendant"): (1) Strict Products Liability, Defective Design; (2) Strict Products Liability, Failure to Warn; (3) Negligence; and (4) Fraudulent Misrepresentation and Concealment [ECF No. 8]. On April 6, 2015, Defendant removed the case to the Eastern District of Missouri pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 [ECF No. 1]. Simultaneously, Defendant filed a Motion to Dismiss for lack of personal jurisdiction [ECF No. 5]. Plaintiffs failed to respond to Defendant's Motion and on May 4, 2015, the Court ordered Plaintiffs to show cause no later than May 11, 2015, as to why Defendant's Motion to Dismiss should not be granted [ECF No. 9]. On May 11, 2015,

1

Plaintiffs filed their Motion to Stay Briefing and Defer Ruling until the case is transferred to the Eastern District of Pennsylvania as part of the multidistrict litigation ("MDL") in *In re: Zoloft Products Liability Litigation*, MDL No. 2342.

## II. DISCUSSION

Plaintiffs request the Court stay briefing and ruling on Defendant's Motion to Dismiss until the case is transferred to the MDL court. A district court has the inherent power to stay its proceedings. This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). This power requires a court to exercise its "judgment, which must weigh competing interest and maintain an even balance." *Id*. A court need not automatically stay a case merely because a party has moved the MDL for transfer and consolidation. *See Rivers v. Walt Disney*, 980 F.Supp. 1358, 1360 (C.D. Cal. 1997). In considering a motion for stay, a court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties. *Id*. When a motion to transfer is pending, the court should balance three factors: 1) prejudice to the non-moving party, 2) hardship and inequity to the moving party if the motion to stay is denied, and 3) the judicial resources saved if the cases are consolidated. *Buie v. Blue Cross and Blue Shield of Kansas City, Inc.*, No. 05-0534-CV-W-FJG, 2005 WL 2218461 at *1 (W.D. Mo. Sept. 13, 2005).

Granting a motion to stay would result in prejudice to Defendants. Plaintiffs do not state in any of their filings whether a motion to transfer and consolidate is pending before the MDL court. Because the Court does not know when a motion was filed or if a motion was filed, the granting of this motion would result in an indefinite delay to the resolution of Defendant's Motion to Dismiss while the parties wait for Plaintiff to request transfer. Defendant's Motion to

2

Dismiss has been pending for two months, further delay results in prejudice. Additionally, staying briefing and ruling on the motion to dismiss does not save judicial resources. The basis of Defendant's motion is lack of personal jurisdiction. This is an issue personal to this particular complaint filed in this district. It is not an issue which will arise in hundreds of other cases throughout the nation because a decision on personal jurisdiction is fact-dependent requiring an analysis of the Defendant's relationship to Missouri. Transfer to MDL will not resolve the lack of personal jurisdiction because a transfer to MDL is only for pretrial proceedings. 28 U.S.C. § 1407(a). At the conclusion of pretrial proceedings, the case will be transferred back to the Eastern District of Missouri for trial and the issue will again arise. *Id*. The balance of these factors weighs in favor of Defendant. Plaintiff's Motion to Stay Briefing and Defer Ruling will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Stay Briefing and Defer Ruling [ECF No. 10] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a response to Defendant's Motion to Dismiss within ten days of this order.

So Ordered this 2nd day of June, 2015.

									_____
									**E. RICHARD WEBBER**
									**SENIOR UNITED STATES DISTRICT JUDGE**