UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER KEELEY and JESS KEELEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:15CV00583 ERW |
| | ) | |
| PFIZER INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Pfizer Inc.'s Motion to Dismiss [ECF No. 5].

## I.  BACKGROUND

Plaintiffs Jennifer Keeley ("Plaintiff Jennifer") and Jess Keeley ("Plaintiff Jess") initiated this lawsuit by filing a Petition in in the Circuit Court of St. Louis City on March 23, 2015. On April 6, 2015, Defendant Pfizer Inc. ("Defendant") removed the Petition to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. On May 6, 2015, Defendant filed its pending Motion to Dismiss [ECF No. 5], for lack of personal jurisdiction. For purposes of this Motion to Dismiss, the Court accepts as true the following facts alleged in Plaintiff's Petition. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010).

Plaintiff Jennifer is Plaintiff Jess's natural mother [ECF No. 8]. Plaintiff Jess was born on March 23, 1995, in Columbus, Georgia. While Plaintiff Jennifer was pregnant with Plaintiff Jess, she took the prescription drug Zoloft®. Defendant is incorporated in Delaware with its principal place of business in New York. During the relevant time period, Defendant advertised, analyzed, assembled, compounded, designed, developed, distributed, formulated, inspected,

1

labeled, manufactured, marketed, packaged, produced, promoted, processed, researched, tested, and sold Zoloft® in Georgia, Missouri, Pennsylvania, and throughout the United States. Defendant marketed, promoted, and sold Zoloft® throughout the United States, including St. Louis, Missouri.

Plaintiffs allege Plaintiff Jess was born with birth defects caused by Plaintiff Jennifer's ingestion of Zoloft® during pregnancy. Plaintiffs assert four counts against Defendant: Strict Products Liability, Defective Design (Count I), Strict Products Liability, Failure to Warn (Count II), Negligence (Count III), and Fraudulent Misrepresentation and Concealment (Count IV). Defendant now seeks to dismiss Plaintiffs' claims for lack of personal jurisdiction.

## II. STANDARD

"A federal court may exercise jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution." *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1090 (8th Cir. 2008) (internal quotations and citation omitted). Because the Missouri long-arm statute is construed as extending personal jurisdiction to the fullest extent permitted by the Fourteenth Amendment's Due Process Clause, *see J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. 2009), the Court's jurisdictional inquiry is limited to determining whether asserting personal jurisdiction over the defendant comports with due process.

Where personal jurisdiction is controverted, the party asserting jurisdiction bears the burden of establishing a prima facie case that jurisdiction exists. *Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir. 2006). Thus, "[t]o survive a motion to dismiss, the plaintiff must state sufficient facts in the complaint to support a reasonable inference that [the defendant] may be subjected to jurisdiction in the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir.

2

2008) (internal citation omitted). "The plaintiff's 'prima facie showing' must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and opposition thereto." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072-73 (8th Cir. 2004) (internal quotations and citation omitted).

## III. DISCUSSION

Personal jurisdiction can be general or specific. *Daimler AG v. Bauman*, 134 S.Ct. 746, 754 (2014). Specific jurisdiction refers to jurisdiction which "arises out of or relates to the defendant's contacts with the forum." *Id.* (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, n.8 (1984) (internal quotations omitted). A court may assert general jurisdiction to hear "any and all claims against [a defendant] when their affiliations with the state are so continuous and systematic as to render them essentially at home in the forum State." *Id.* (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011) (internal quotations omitted). Defendant asserts the Court lacks both general and specific jurisdiction.

### A. *General Jurisdiction*

The Supreme Court has limited general jurisdiction for a corporation to its place of incorporation or principal place of business except in an "exceptional case." *Daimler*, 134 S. Ct. at 761, n. 19. In *Daimler*, Plaintiffs were Argentinian residents who brought suit in the United States District Court for the Northern District of California against a German corporation regarding actions of its Argentinian subsidiary in Argentina. *Id.* at 750-751. Plaintiffs claimed the District Court had jurisdiction over the lawsuit because of the California contacts of Mercedes-Benz USA, LLC, a subsidiary of the Defendant incorporated in Delaware with its principal place of business in New Jersey. *Id*. This subsidiary distributed vehicles to dealerships throughout the United States, including California. *Id*. The Court held Daimler is not "at home"

3

in California and cannot be sued there for injuries attributable to conduct in Argentina. *Id.* Applying this holding, Plaintiffs have not alleged sufficient facts to establish general jurisdiction over Defendant.

Defendant is incorporated in Delaware and has a principal place of business in New York. Defendant is not incorporated in Missouri nor is its principal place of business here; thus, Plaintiff's only other option is to establish this is an exceptional case and they have not done so. The extent of Plaintiffs' allegations is Defendant marketed and sold Zoloft® in Missouri. These facts are much less than those alleged in *Daimler* and as the Supreme Court did not find personal jurisdiction in *Daimler*, it cannot be found here. Simply marketing and selling a product in a state does not make a defendant's affiliations with the state so "continuous and systematic as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).

Plaintiff cites to *Keeton v. Hustler Magazine, Inc.*[1] to support the proposition jurisdiction may be based on a defendant's continuous but limited general business in a state. However, in *Keeton*, the Supreme Court found specific jurisdiction over the defendant; it was not discussing general jurisdiction. 465 U.S. at 775-781 (discussion of minimum contacts between the defendant and forum state). The sale of products into the forum state may be germane to specific jurisdiction, but it does not create general jurisdiction. *Goodyear*, 131 S. Ct. at 2855. Plaintiffs have not established general jurisdiction over Defendant.

### B. *Specific Jurisdiction*

Defendant also asserts Plaintiffs have not established specific jurisdiction. Specific jurisdiction focuses on "the relationship among the defendant, the forum, and the litigation."

---

[1] 465 U.S. 770 (1984).

*Walkden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (citing *Keeton*, 465 U.S. at 775). "The defendant's suit-related conduct must create a substantial connection with the forum State." *Id*. The focus is on the contacts a defendant creates with the state, not connections to a plaintiff or other third-parties who reside in the state. *Id*. at 1122. Specific jurisdiction can be found where a corporation's activities are continuous and systematic and give rise to the liabilities in the suit. *Daimler*, 134 S. Ct. at 761 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945). The Eighth Circuit has identified five factors to establish a substantial connection with the forum state: (1) nature and quality of the contacts with the forum state, (2) quantity of the contacts, (3) relation of the cause of action to those contacts, (4) interest of the forum state in providing a forum for its residents, and (5) convenience of the parties. *Johnson v. Woodcock*, 444 F.3d 953, 956 (8th Cir. 2006) (citing *Porter v. Berall*, 293 F.3d 1073, 1076 (8th Cir. 2002)).

Plaintiffs do not allege any facts regarding the quality of the contacts with Missouri, the quantity of those contacts, or the relation of the cause of action to those contacts. Plaintiffs conclusively state Defendant made a contract or promise substantially connected with/or within Missouri, committed and conspired to commit tortious acts in Missouri, and owned, used, or possessed real estate in Missouri [ECF No. 8, ¶7]. Plaintiffs restated the Missouri long-arm statute but did not provide any facts to support these conclusions. *See* Mo. Rev. Stat. § 506.500. Simply stating Defendant marketed, promoted, and sold Zoloft® in Missouri does not establish specific jurisdiction.

From the facts Plaintiff does allege, it is unclear how Defendant's contacts with Missouri relate to the cause of action in this suit. Plaintiff Jess was born in Georgia. There are no facts suggesting Plaintiff was prescribed the medication in Missouri, purchased the medication in Missouri, saw the advertisements in Missouri, or in any way was injured in Missouri. The

5

inquiry into specific jurisdiction does not focus on Plaintiff's contacts with the forum state, but Plaintiff's injury must be connected to Defendant's contacts with the forum state. *Walden*, 134 S. Ct. at 1123. In *Keeton*, even though Plaintiff had little contact with New Hampshire, the Plaintiff suffered damages there. 465 U.S. at 776. Plaintiff's injuries in New Hampshire, along with Defendant's contacts with the state which caused the injury, formed the basis of specific jurisdiction. *Id*. That simply is not the case here. Plaintiffs have not alleged any facts to support a finding of specific jurisdiction. Under Plaintiffs' theory of jurisdiction, a national company could be sued by any resident of any state in any state. This does not comport with "traditional notions of fair play and substantial justice" as required by the Constitution. *Daimler*, 134 S. Ct. at 754 (citations omitted).

### C. *Consent to Personal Jurisdiction*

Plaintiffs contend Defendant has consented to jurisdiction in Missouri because Defendant is registered to do business in Missouri and has a registered agent in Missouri. Every foreign corporation is required to register with the Secretary of State and maintain a registered agent in the state to transact business in Missouri. Mo. Rev. Stat. §§ 351.572, 351.586 (2014). Many states have enacted similar statutes and national corporations are often registered in to do business in several states. If following these statutes creates jurisdiction, national companies would be subject to suit all over the country. This result is contrary to the holding in *Daimler* that merely doing business in a state is not enough to establish general jurisdiction. *Daimler*, 134 S. Ct. at 761-62. The Supreme Court found "[s]uch exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Id*. (internal quotations omitted). A defendant's consent to jurisdiction must satisfy the standards

of due process and finding a defendant consents to jurisdiction by registering to do business in a state or maintaining a registered agent does not.[2] Thus, Defendant did not consent to jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Pfizer Inc.'s Motion to Dismiss [ECF No. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs Jennifer Keeley and Jess Keeley's claims against Defendant Pfizer, Inc. shall be **DISMISSED, without prejudice**.

Dated this 1st Day of July, 2015.

*[signature: E. Richard Webber]*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Plaintiffs cite to *Knowlton v. Allied Van Lines, Inc.* which held a defendant consented to jurisdiction by designating an agent for service of process within the state. 900 F.2d 1196 (8th Cir. 1990). In *Knowlton*, the Eighth Circuit was analyzing a Minnesota statute which required a foreign corporation to be subject service of process by service on a registered agent in the state. *Id.* at 1199. In contrast, the Missouri statutes requiring registration with the state and the maintenance of a registered agent do not mention service of process at all. Mo. Rev. Stat. §§ 351.572, 351.586. This distinction, along with the holding in *Daimler*, requires this Court to reject the proposition Defendants have consented to jurisdiction by registering with the State of Missouri and maintaining a registered agent within the state.